Barbara Jean Ingram
John Ingram Jr.
Jerimiah Ingram (Full Name)

15682 Grand Ave. Spc. 1 (Address Line 1)

Lake Elsinore, Ca. 92530 (Address Line 2)

1 (949) 350-8628 (Phone Number)

Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 3 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

N/S

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EDCV25-01481-JLS(JDE)

Barbara Jean Ingram
John Ingram Jr. & Jerimiah Ingram,

Plaintiff,

vs.

Riverside County Sheriff's Department,

County of Riverside,

Deputy Hasnsen and Deputy John Doe

(individual officers, identities currently unknown)

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: _____
(To be supplied by the Clerk)

**Civil Rights Complaint Pursuant to
42 U.S.C. § 1983 (non-prisoners)**

**Jury Trial Demanded:** ☒ Yes   ☐ No

*(All paragraphs and pages must be numbered.)*

## I. JURISDICTION

1.    This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.
Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

## II. VENUE

2.    Venue is proper pursuant to 28 U.S.C. § 1391 because this action arises
under the Constitution and laws of the United States, including 42
.S.C. §§ 1983 and 1981. The events giving rise to these claims
occurred in Riverside County, California.

1

## III. PARTIES

3.  Plaintiff  Barbara Jean Ingram, John Inram Jr. & Jerimiah Ingram  resides at:
*(your full name)*

15628 Grand Ave. Spc. 1    Lake Elsinore, CA. 92530

*(your address)*

*(You should specifically identify each Defendant you intend to sue in a separate, numbered paragraph )*

4.  Defendant  Riverside County Sheriff Department  works at
*(full name of Defendant)*

4095 Lemon St. Riverside, Ca. 92501
*(Defendant's place of work)*

Defendant's title or position is Law Enforcement Agency/ County Department.
*(Defendant's title or position at place of work)*

This Defendant is sued in his/her (check one or both):

☐ individual capacity          ☒ official capacity

This Defendant was acting under color of law because: Riverside County Sheriffs
Department is a government agency. All actions described were taken by
employees under its authority, in the course of official law enforcemnet duties.

5.  Defendant  County of Riverside  works at
*(full name of Defendant)*

4095 Lemon Street, Riverside, Ca. 92501
*(Defendant's place of work)*

Defendant's title or position is  County Government Agency .
*(Defendant's title or position at place of work)*

This Defendant is sued in his/her (check one or both):

☐ individual capacity          ☒ official capacity

This Defendant was acting under color of law because: this is a municipal
entity organized under the lawas of the State of Ca. and is responsible for
the policies, customs and practices of Riverside County Sheriffs
Department

Pro Se Clinic Form                    *Page Number*

1  . Defendant __Defendant Deputy Hansen_____ works at
   *Insert ¶ #*        *(full name of Defendant)*

2

3  ___Lake Elsinore Riverside County Sheriff's Department)___.
                        *(Defendant's place of work)*

4  Defendant's title or position is ___Deputy Sheriff_____.
5                                    *(Defendant's title or position at place of work)*

6
7  This Defendant is sued in his/her (check one or both):

8        ☒ individual capacity           ☒ official capacity

9
10 This Defendant was acting under color of law because _____
   Deputy is, and at all relevant times was, a deputy employed by the Riverside
11 County Sheriff's Department and acted under color of state law. He is sued in his
12 individual and official capacities.
13
14
15

16  . Defendant _____Deputy John Doe_____ works at
17    *Insert ¶ #*              *(full name of Defendant)*

18 ___Lake Elsinore Riverside County Sheriff Department___.
                     *(Defendant's place of work)*
19
20 Defendant's title or position is ___Deputy Sheriff_____.
                                    *(Defendant's title or position at place of work)*
21

22 This Defendant is sued in his/her (check one or both):

23        ☒ individual capacity           ☐ official capacity

24
25 This Defendant was acting under color of law because _____
26 Deputy John Doe is, and at all relevant times was, a deputy employed by the
27 Riverside County Sheriff's Department and acted under color of state law.
28 He is sued in his individual and official capacities.

*3*

Pro Se Clinic Form                    *Page Number*

## IV. STATEMENT OF FACTS

*(Explain what happened in your own words. You do not have to cite legal authority in this section. Be specific about names, dates, and places. Explain what each Defendant did. Remember to number every paragraph.)*

### See attachecd Documents with statement of facts

*Insert ¶ #*

*Insert ¶ #*

*Insert ¶ #*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**4**

# IV. STATEMENT OF FACTS

1. On or about July 19, 2024, Plaintiff Barbara Ingram contacted law enforcement requesting assistance for her 17-year-old son, Plaintiff Jerimiah Ingram, who was experiencing a mental health crisis. Jerimiah has been diagnosed with autism and anxiety, and he exhibits self-injurious behaviors during heightened emotional episodes.

2. Deputies Hansen and John Doe of the Riverside County Sheriff's Department responded to the call. Upon arrival, Jerimiah Ingram was calm, non-aggressive, and compliant.

3. Plaintiff Ingram informed the deputies that Jerimiah has autism and requested that the department's mental health team be involved in any intervention. Despite this request, Deputy Hansen chose not to involve the mental health team and instead ordered Jerimiah to be handcuffed in the presence of his family.

4. As a result of being unexpectedly handcuffed, Jerimiah became visibly distressed—crying, trembling, and pleading—which heightened his anxiety and exacerbated his mental health symptoms.

5. Plaintiff Ingram repeatedly asked Deputy Hansen why her son was being restrained and again requested the assistance of the mental health team. When she reached toward the patrol car to calm her son, Deputy Hansen forcefully pushed her against the vehicle, handcuffed her, and seized her phone, which had been in active use.

6. Plaintiff Ingram was then transported from her residence without any explanation, was not advised of her rights, and was later accused of public intoxication—despite being at home, barefoot, in her pajamas, and showing no signs of intoxication.

7. Meanwhile, her younger children were left inside the home unattended, with the front door open and all lights on. At the station, Plaintiff Ingram was booked and held in custody. Her blood pressure



rose to a medically concerning level, but she was not released until she signed paperwork under pressure and was then transported to a hospital by law enforcement without consent.

8. Following her release, Plaintiff Ingram struggled to obtain her arrest record. When finally provided, the report falsely claimed that she was under the influence of an "unknown substance" and described her demeanor as belligerent and verbally abusive—allegations she denies.

9. These falsehoods have caused ongoing reputational harm and have interfered with Plaintiff Ingram's efforts to become a credentialed educator, a process that requires a clean legal record and moral fitness review.

10. Jerimiah Ingram was transported against his will to a mental health facility without prior evaluation or consultation with his family. He believed he was under arrest, which intensified his anxiety and trauma, and he has since demonstrated increased fear and avoidance of law enforcement.

11. In November 2024, Plaintiff Barbara Ingram sought medical treatment in the emergency room after sustaining an injury during another behavioral incident involving her son. While receiving treatment, she was approached by a deputy believed to be associated with the earlier July incident. The deputy's presence disrupted her care, and hospital staff ultimately requested that he leave. Plaintiff Ingram believes the deputy's conduct was retaliatory in nature, linked to her previously filed Internal Affairs complaint.

12. In connection with that same November 2024 incident, Plaintiff Ingram's husband, John Ingram Jr., was arrested on suspicion of domestic violence, despite there being no report or complaint from Plaintiff Ingram. She informed both hospital staff and responding deputies that no domestic incident had occurred.

13. Nonetheless, Mr. Ingram was taken into custody. Plaintiff Ingram paid his bail, only to later discover that no formal charges were filed.



She continues to make payments on the bond for a case that does not exist. Plaintiffs believe this incident further supports a pattern of retaliation by the Sheriff's Department.

14. Plaintiff Barbara Ingram continues to experience emotional trauma, stress, and anxiety due to the events described, including the perception that her son was criminalized rather than supported during a mental health crisis.

15. Plaintiff Jerimiah Ingram continues to suffer from emotional distress, persistent fear, and deep mistrust of law enforcement as a result of his experience during the July 2024 incident and the subsequent fallout.

7

1

## V. CLAIMS

2

### Claim #1

3

____.   Plaintiff realleges and incorporates by reference all of the paragraphs above.

4

*Insert ¶ #*

5

____.   Plaintiff has a claim under 42 U.S.C. §1983 for violation of the following

*Insert • #* federal constitutional or statutory civil right:

6

7

## See Attached Claims

8

9

10

____.   The above civil right was violated by the following Defendants:

11

*Insert ¶ #*

12

13

14

15

*(You may list facts supporting your claim. Be specific about how each Defendant violated this particular civil right.)*

16

____.

*Insert ¶ #*

17

18

19

20

21

22

23

24

____.   As a result of the Defendant's violation of the above civil right, Plaintiff

25

*Insert ¶ #* was harmed in the following way:

26

27

28

8

Pro Se Clinic Form                                      *Page Number*

## V. CLAIMS/ CAUSES OF ACTION

Claim #1

(Violation of Civil Rights - 42 U.S.C. § 1983 - Unlawful Seizure, Excessive Force, Fourteenth Amendment Due Process Violations)

Plaintiffs reallege and incorporate by reference all preceding paragraphs.

Defendants unlawfully detained and used excessive force against Plaintiffs without probable cause or reasonable suspicion, in violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages as alleged herein.

Claim #2

(Violation of Civil Rights - 42 U.S.C. § 1983 - Equal Protection Violations - Race Discrimination)

Plaintiffs reallege and incorporate by reference all preceding paragraphs.

Defendants, acting under color of law, intentionally discriminated against Plaintiffs based on their race in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiffs were treated less favorably than similarly situated individuals of different races and were subjected to disparate treatment, including excessive force and arrest without probable cause.

Defendants' conduct was motivated, at least in part, by racial animus.

As a direct and proximate result of Defendants' racially discriminatory conduct, Plaintiffs suffered harm as set forth herein.

Claim#3

(Violation of Civil Rights - 42 U.S.C. § 1981 - Racial Discrimination in
Exercise of Rights)

Plaintiffs reallege and incorporate by reference all preceding
paragraphs.

42 U.S.C. § 1981 guarantees all persons the right to make and enforce
contracts and enjoy equal benefit of all laws as enjoyed by white
citizens.

Defendants' actions interfered with Plaintiffs' rights to equal treatment
under the law by subjecting them to unlawful arrest, excessive force,
humiliation, and deprivation of familial rights based on race.

Defendants' discriminatory treatment of Plaintiffs violated 42 U.S.C. §
1981.

Claim #4

(Violation of Americans with Disabilities Act - 42 U.S.C. § 12132)

Plaintiffs reallege and incorporate by reference all preceding paragraphs.

Plaintiff Jerimiah Ingram is an individual with a disability as defined under the ADA.

Defendants failed to reasonably accommodate Plaintiff Jerimiah Ingram's disability and subjected him to discrimination on the basis of that disability, including unnecessary restraint and removal without mental health evaluation.

As a result, Plaintiff Jerimiah Ingram suffered emotional distress, trauma, and harm, and Plaintiff Barbara Ingram experienced emotional distress and trauma as a result of witnessing her son's treatment.

Claim #5

(Violation of Civil Rights - 42 U.S.C. § 1983 - Retaliation for Exercising
Rights)

Plaintiffs reallege and incorporate by reference all preceding
paragraphs.

Plaintiff Barbara Ingram exercised her right to petition the government
for redress by filing an Internal Affairs complaint against Deputies
Hansen and Doe.

In retaliation for exercising her rights, Plaintiff Ingram was subjected to
further harassment and intimidation by a deputy at a hospital in
November 2024.

Defendants' retaliatory conduct violated Plaintiff Barbara Ingram's
rights under the First and Fourteenth Amendments to the United States
Constitution.

As a direct and proximate result of the retaliatory actions, Plaintiff
Ingram suffered emotional distress, fear, anxiety, and other damages as
alleged herein.

Claim #6

(False Arrest and Malicious Prosecution – Plaintiff John Ingram Jr.)

Plaintiff realleges and incorporates by reference all preceding paragraphs.

In November 2024, Plaintiff John Ingram Jr. was arrested by deputies of the Riverside County Sheriff's Department on suspicion of domestic violence, even though no report or complaint had been made by Plaintiff Barbara Ingram or any other party.

Plaintiff Barbara Ingram explicitly informed the deputies and hospital staff that no domestic violence incident occurred. Nevertheless, Plaintiff John Ingram Jr. was taken into custody without probable cause.

Plaintiff was never formally charged, yet he was forced to post bail and has continued to incur financial obligations related to the bail bond.

As a direct and proximate result of Defendants' conduct, Plaintiff John Ingram Jr. suffered loss of liberty, emotional distress, financial damages, and reputational harm.

The arrest was malicious and retaliatory, occurring shortly after Plaintiff Barbara Ingram filed an Internal Affairs complaint, and was intended to intimidate and harass the Plaintiffs.

# VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

1. Compensatory damages for physical injuries, emotional distress, mental anguish, reputational harm, and loss of professional opportunities.

2. Punitive damages against the individual Defendants for their willful, wanton, and malicious conduct.

3. Damages for racial discrimination and violations of constitutional rights.

4. Damages for retaliation for exercising protected rights.

Dated: 6/12/25

Sign:

Print Name: Barbara Ingram
John Ingram
Jimiah Ingram

15

*Page Number*

Pro Se Clinic Form

# VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

5. Damages under the Americans with Disabilities Act for failure to accommodate and discriminatory treatment.

*Insert ¶ #*

7. Damages for false arrest and malicious prosecution.

*Insert ¶ #*

8. Costs of this action.

*Insert ¶ #*

9. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

*Insert ¶ #*

Such other and further relief as the Court deems just and proper.

Dated: 6/12/25

Sign:

Print Name: Barbara Ingrum
John Ingram

Pro Se Clinic Form

*Page Number* 16

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: _4/12/25_

Sign: _[signature]_

Print Name: _Barbara Ingram_

_John Ingram_

_Jerimiah Ingram_

Pro Se Clinic Form

_17_

Page Number

# Exhibit 1

Official complaint (Response)

( 1 page )



# Riverside County Sheriff's Office
## *Chad Bianco, Sheriff-Coroner*

4095 Lemon Street • Riverside • California • 92501
www.riversidesheriff.org

August 6, 2024

Barbara Ingram
15628 Grand Avenue Unit 1
Lake Elsinore, CA 92530

**RE:    Civilian Complaint Report #RSO2024-0097**

Dear Ms. Ingram,

The Riverside County Sheriff's Department has received your complaint alleging misconduct against a member(s) of our agency.  Pursuant to section 832.5(a) of the California Penal Code and Department policy, an inquiry will be conducted in response to your letter.

The purpose of an internal investigation is to determine if an employee, or employees, violated department policies or procedures.  If the investigation concludes that an employee violated an established regulation, the Department may then administer an appropriate disciplinary remedy.  However, if the subject of your complaint were no longer employed by this agency, no action would be possible.

Your Civilian Complaint Report has been forwarded to administrators at the Lake Elsinore Sheriff Station for further inquiry. A supervisor from the Lake Elsinore Sheriff Station will contact you in the near future regarding your concerns. If you desire further information, you may contact Lake Elsinore Sheriff Station at (951) 245-3300.

Thank you for bringing this matter to our attention.

Sincerely,

Chad Bianco, SHERIFF

W. Mendez, Captain
Professional Standards Bureau

CB:WM:rc

# Exhibit 2

Dispatch information from the original
call to Lake Elsinore Sheriff Dept

(1 page)

# DAILY DISPATCH REGISTER OF ACTIONS

INCIDENT NUMBER: L--242010131   PRI: 2  NOI: 5150          UNIT/OFFICER:3L93  /5909
LOCATION:  15628 GRAND AV, ELS (UNIT 1,X ORTEGA)


ENTERED:   07-19-2024 23:01:20  BY: N7860   AT: 244
DISPATCHED: 07-19-2024 23:01:36  BY: N7542   AT: 011
ARRIVED:   07-19-2024 23:22:36  BY: N5883   AT: 002
CLOSED:    07-20-2024 01:33:31  BY: 5909    AT: 998     CLOSED EDP: 25M3N
RP NAME: BARBARA INGRAM          ADDR:
RP PHONE: 9493508628             911 TIME: 07-19-2024 23:01:20
CLOSE AGCY: L  REPORTING DISTRICT:  905L   DR: L--242010131


| TIME | OPER | ACTION | TEXT |
|------|------|--------|------|
| | | | |
| 07-19-2024 | | | |
| 23:01:20 | 244 | | TB 865 H6 AND 32999 SERENA WY'ELSI/RPS S ON DIAGNOSED AUTISTIC AND MAKING STHREA |
| 23:01:20 | 244 | | TS/SON JEREMIAH INGRAM 082106 BMJ 600 13 0 LSW BLK SHIRT BLK PANTS |
| 23:01:36 | 011 | DISP | 3L93 |
| 23:01:50 | 244 | REMARK | NEG CDN HBD WPNS/RP WILL RP, RPS HUSB, 3 ADDL JUVS |
| 23:02:07 | 244 | REMARK | NEG METHOD MENTIONED |
| 23:04:28 | 998 | MDTACK | 3L93 |
| 23:22:36 | 002 | ARRIVE | 3L93 |
| 23:28:53 | 002 | CONTCT | 3L93; IN 10 MINS |
| 23:39:39 | 002 | CONTCT | 3L93; TIMER OFF; 1 DETD |
| 23:39:45 | 002 | | CALL TYPE WAS STHREA CHANGED TO 5150; PR I WAS 2 CHANGED TO 2 |
| 23:46:43 | 002 | BCKAR | 3L93 1F72 |
| 23:50:24 | 002 | TRANS | 3L93; AT 1015 W 1 STN |
| 23:51:58 | 008 | INSERV | 1F72 |
| 23:56:31 | 998 | BACKUP | 3L93 1L322 |
| 23:56:32 | 998 | MDTACK | 1L322 |
| 23:56:42 | 998 | RELOCE | 1L322; TO STN REF TR TO ETS |
| 23:56:58 | 002 | TRANSC | 3L93; EM 06 |
| 07-20-2024 | | | |
| 00:02:56 | 002 | CONTCT | 3L93; TIMER OFF |
| 00:23:08 | 998 | ARRIVE | 1L322; AT STN |
| 00:23:10 | 998 | CONTCT | 1L322; TIMER OFF |
| 00:51:29 | 998 | TRANS | 1L322; AT 1014 W1 ETS'RIVE |
| 00:53:37 | 998 | REMARK | 1L322 :SM 078 |
| 01:17:11 | 998 | TRANSC | 1L322; AT 1014 W1 ETS EM 106 |
| 01:17:18 | 998 | CONTCT | 1L322; TIMER OFF |
| 01:33:31 | 998 | 98 | 3L93; CLOSING PRIMARY UNIT - 3L93; OFFIC ER - 5909 ; REPORT TYPE - R |
| 01:33:31 | 998 | 98 | ; CLOSURE CODES - 25M3N |

# Exhibit 3

Incident Report #

 Certificate of Detention #

Intake receipt

4 pages total

**INCIDENT REPORT**

Riverside County Sheriff

LAKE ELSINORE POLICE AND SHERIFF

RELEASE TO: Barbara Ingram    CS

DATE: SEP 1 2 2024    BY: N8398

CONFIDENTIAL

## INCIDENT DETAILS

| FILE NUMBER | | REPORT TYPE | | DATE PREPARED | |
|---|---|---|---|---|---|
| L--242010138 | | INITIAL | | 07/20/2024 | |

| DATE/TIME REPORTED | DATE/TIME ASSIGNED | DATE/TIME INV. START | DATE/TIME INV. TERM | ADULT ARR | JUV ARR |
|---|---|---|---|---|---|
| 07/19/2024 23:52 | 07/19/2024 23:52 | 07/19/2024 23:52 | 07/19/2024 23:59 | 1 | 0 |

| OCCURRED ON-DATE | TIME | OR BETWEEN-DATE | TIME | CASE STATUS/CLEARANCE | |
|---|---|---|---|---|---|
| 07/19/2024 | 23:52 | | | CLOSED/ARREST | |

| LOCATION OF OCCURRENCE | | CITY | STATE | REP. DIST |
|---|---|---|---|---|
| 15628 GRAND AV | | LAKE ELSINORE | CA | ? |

| BUSINESS NAME | BUSINESS PHONE | WAS THIS INCIDENT RELATED TO MARIJUANA? | BWC VIDEO? | UPLOADED TO EVIDENCE.COM? |
|---|---|---|---|---|
| | | NO | YES | YES |

| MISCELLANEOUS |
|---|
| |

| REPORTING OFFICER | OFFICER ID | REVIEWED BY / DATE | ENTERED BY / DATE | ENTERED BY / DATE |
|---|---|---|---|---|
| HANSEN | 6044 | SGT. HONORE #4091  7/24/24  JUL 2 4 2024 | JUL 2 4 2024  N8398 | N8398 |

| COPIES TO | | APR SENT | APR CANCELLED | DOJ-NCIC ENTERED | DOJ-NCIC CANCELLED |
|---|---|---|---|---|---|
| | | | | | |

## OFFENSES

| 1 | CODE SECTION | CRIME | COUNTS | EDP CODE |
|---|---|---|---|---|
| | PC647(F)=M-90C | DISORDERLY CONDUCT:ALCOHOL | 1 | 24D1M |

## VICTIMS/REPORTING PARTIES/WITNESSES/OTHERS

| 1 | INVL | NAME | SEX | RACE | DOB | AGE | HEIGHT | WEIGHT | HAIR | EYES | SKIN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | VAS | STATE OF CALIFORNIA | | | | | | | | | |

| RESIDENCE ADDRESS | CITY | STATE | ZIP | EMAIL ADDRESS | RES PHONE |
|---|---|---|---|---|---|
| | | | | | |

| BUSINESS ADDRESS | CITY | STATE | ZIP | EMAIL ADDRESS | BUS PHONE |
|---|---|---|---|---|---|
| | | | | | |

## SUSPECTS

| 1 | ADULT ARRESTED |
|---|---|

| NAME | SEX | RACE | DOB | AGE | HEIGHT | WEIGHT | HAIR | EYES | SKIN |
|---|---|---|---|---|---|---|---|---|---|
| INGRAM,BARBARA JEAN | F | B | 07/17/1976 | 48 | 506 | 180 | BLK | BRO | LBR |

| DRIVER'S LICENSE NUMBER/ID NUMBER | STATE | SOCIAL SECURITY NUMBER | MNI NUMBER | CII NUMBER |
|---|---|---|---|---|
| B3971353 | CA | | | |

| RESIDENCE ADDRESS | CITY | ZIP | EMAIL ADDRESS | RES PHONE |
|---|---|---|---|---|
| 15628 GRAND AVE 31 | LAKE ELSINORE | 92530 | | 949-310-8628 |

| BUSINESS ADDRESS | CITY | ZIP | EMAIL ADDRESS | BUS PHONE |
|---|---|---|---|---|
| | | | | |

CS
N8398
JUL 2 4 2024

LAKE ELSINORE POLICE AND SHERIFF
RELEASED TO
DATE             BY
CONFIDENTIAL

AK V7879
JUL 3 1 2024

| File Number: L242010138 | **CONTINUATION FORM** | Page 02 |
|---|---|---|

647(f) P.C. Arrest Form

**DETAILS:**

At 2352 hours, on 07/19/2024 , I observed the suspect at the location described in box #14 of the attached Form A, a public place.  I contacted the suspect for the following reason(s):
Ingram contacted the Riverside County Sheriff's Dept in regards to her son having suicidal thoughts and wanted to have him mentally evaluated (See incident report #L242010131).

At the time, I noted the following objective symptoms of intoxication:

| Breath – Alcoholic Odor | Standing Balance | Condition of Eyes | Conduct | Speech | Condition of Clothing | Physical Condition |
|---|---|---|---|---|---|---|
| ■ Strong<br>☐ Moderate<br>☐ Slight<br>☐ None | ■ Swaying<br>■ Staggering<br>☐ Unable to stand | ■ Bloodshot<br>☐ Watery<br>☐ Normal<br>☐ Dilated<br>☐ Constricted | ■ Combative<br>☐ Insulting<br>☐ Jovial<br>☐ Indifferent<br>☐ Argumentative<br>☐ Cooperative | ■ Slurred<br>■ Extremely Slurred<br>☐ Incoherent<br>☐ No Impairment | ■ Disarrayed<br>☐ Soiled<br>☐ Orderly | ☐ Confused<br>■ Disoriented<br>☐ Vomiting<br>☐ Unconscious |

The following are additional details of my observations and/or arrest:
Ingram had a strong odor of alcohol emitting from her and appeared she was unable to care for herself. Ingram was slurring her speech and had bloodshot eyes. Ingram also became conbative and admitted to drinking alcohol.

Based on these observations, I concluded the suspect was under the influence of alcohol and/or drugs to the extent he/she was unable to exercise due care for his/her own safety or the safety of others.  I therefore arrested the suspect for 647(f) P.C. and transported him/her to the jail for booking.

Vehicle information: ■ N/A     ☐ Parked     Released to:

■ Stored by:

☐ Due to the suspect's level of intoxication, an "OK TO BOOK" was necessary prior to booking.
☐ Due to the suspect's complaint of pain and/or visible injuries, it was necessary to obtain an "OKAY TO BOOK" prior to booking.

Disposition:
■ 849(b)(2) P.C. Arrested for intoxication only.  No further proceedings desired.
☐ By citation
☐ Suspect is a juvenile     ☐ Placed in Juvenile Hall     ☐ Released to:

The location at which the suspect was found ☐ is  ■ is not  a premises licensed by the California Bureau of Alcoholic Beverage Control.

Name of the Business:
Licensee:                              License number:

**CASE STATUS:** CLOSED/ARREST

 Riverside County Sheriff-Form 441 A-1 (Revised 11-15-2016)

## RIVERSIDE COUNTY SHERIFF'S DEPARTMENT
## RIVERSIDE, CALIFORNIA

## CERTIFICATE OF DETENTION

Date: 7/19/24

In compliance with the provisions of Section 851.6, as amended, of the California Penal Code, this is to certify that the arrest of the subject identified below, is determined to be a detention.

Name: INGRAM, BARBARA JEAN    Booking Number: 202431224    Case Number: 241200130

Arresting Agency: RSO/ELSINORE    Date of Arrest: 7/19/24

Charge(s): 147(F) PC    Date of Release: 7/20/24

The reason for this determination is shown below:

☒ 1.  Section 849(b)(2) of the California Penal Code.  Arrested for intoxication only and no further proceedings are desirable (JUS 8715 or JUS 8716 are not required).

☒ 2.  Section 849(b)(3) of the California Penal Code.  Arrested only for being under the influence of a narcotic drug or restricted dangerous drug and was delivered to a facility or hospital for treatment and no further proceedings are desirable.

☐ 3.  Section 849(b)(1), 825, 851.6(b) and 1115 of the California Penal Code.

  ☐   Further investigation exonerated the arrested party

  ☐   The complainant withdrew the complaint

  ☐   Further investigation appeared necessary before prosecution could be initiated

  ☐   The ascertainable evidence was insufficient to proceed further

  ☐   On Call Magistrate rejected Probable Cause Statement

  ☐   Did not make last day arraignment

  ☐   Any other appropriate explanation for release:_____

  _____

All detentions/arrests must include the ADR or the Juvenile Detention Disposition JUS 8715 or JUS 8716

☐  Copies required for DOJ/FBI

☐  Computer updated for detention only

Signed: HANSEN

Title: DEPUTY

Distribution:
White: ISB
Yellow: Subject
Pink: DOJ/FBI (if required) to ISB

Arresting Officer
Complaint/Court Officer
Custody Officer

RSD Form 510 (Revised 02/08/17)

7/20/2024    01:02                    INTAKE RECEIPT              CD J. CRUZ

Booking Number: 202431224

Name: INGRAM, BARBARA JEAN
Booking Date:  7/20/2024          Booking Time: 0059

Identifying Features: NONE

P R O P E R T Y
SHIRT        GRY
PANTS        BLK
SHOES        WT
CELL PHONE  BLK DMG
No Other Items

Cash Taken        $0.00_____

        I certify the above is a correct record of my personal property and
        authorize the Sheriff to receive and inspect my mail while confined
        and agree not to hold the Sheriff responsible for money or articles
        taken or mailed to the jail for me.


        INMATE SIGNATURE ........... _____


        BOOKING OFFICER SIGNATURE .. _____


        Telephone Contact                    Housing Location _____
        -   By Arresting Agency
        -   None Desired
        -   Phone Room
            Time _____
        -   #   _____
        -   #   _____
            Time _____              R I G H T   T H U M B   P R I N T
                                               INTAKE          RELEASE

        _____
        INMATE SIGNATURE

INTAKE: File Breakdown:

By_____ Date _____ Time _____

INTAKE: Warrants/Wants NEG:

By_____ Date _____ Time _____

# Exhibit 4

Hospital Emergency Room proof

( 4 pages total )

**Inland Valley Medical Center**
**36485 Inland Valley Drive**
**Wildomar, CA 92595**
**http://www.swhealthcaresystem.com/**
**(951) 677-1111**

**Name: INGRAM, BARBARA J**
**Age:  48 Years Date of Birth: 7/17/1976**
**MRN: SWH07246217 FIN: SWH0000130817117 Arrival Time: 11/21/2024 20:49:00**
**Diagnosis: Forehead laceration**
**Emergency Department Care Team:**
*Provider:* Ed, Staff Physician MD

The Emergency Department physician has reviewed the information that you have provided concerning medications that have been prescribed previously and found there to be no conflict with any therapy recommended by the Emergency Department physicians. Unless instructed by the Emergency Department physician to discontinue specific medications, you should continue medications prescribed by your regular doctor and follow-up with your doctor or with the physician/facility recommended by the ED as appropriate.

If you plan on operating a motor vehicle or using any dangerous equipment within the next several hours, please check with your physician or nurse to make sure that none of the medicines that you received in the Emergency Department could interfere with your performance of these tasks.

The physicians and staff of the  IVM Center  encourage you to lead a healthy lifestyle. If you smoke, we strongly urge you to quit. Contact your local American Lung Association for additional information.

**Allergies:**
No Known Allergies

**Vaccination/Immunologic Information**

**Prescriptions Given to Patient/Caregiver(s):**
No New Prescriptions

***Medication Special Considerations:***

# Care after receiving medication in the ER

The following procedures and tests were performed during your ED visit.

**Laboratory or Other Results This Visit** (last charted value for your 11/21/2024 visit)

<u>**Computed Tomography**</u>
  11/21/2024  10:21 PM
    **CT Head or Brain w/o Contrast:** CT Head or Brain w/o Contrast

**Pending Results**
No Pending Results



**Common Emergency Awareness Tips**

| | |
|---|---|
| IS IT A STROKE? | Act **FAST** and Check for these signs: |
| **F**ACE | Does the face look uneven? |
| **A**RM | Does one arm drift down? |
| **S**PEECH | Does their speech sound strange? |
| **T**IME | Call 9-1-1 at any sign of stroke |

**Heart Attack Signs**
•**Chest discomfort:**Most heart attacks involve discomfort in the center of the chest and lasts more than a few minutes, or goes away and comes back. It can feel like uncomfortable pressure, squeezing, fullness or pain.
- **Discomfort in upper body:**Symptoms can include pain or discomfort in one or both arms, back, neck, jaw or stomach.
- **Shortness of breath:**With or without discomfort.
- **Other signs:**Breaking out in a cold sweat, nausea, or lightheaded.

CT Head or Brain w/o Contrast
* Final Report *

INGRAM, BARBARA J - SWH07246217

Result type:            CT Head or Brain w/o Contrast
Result date:            November 21, 2024 22:21 PST
Result status:          Auth (Verified)
Result title:           CT Head or Brain w/o Contrast
Performed by:           Simmons MD, Philip on November 21, 2024 22:21 PST
Verified by:            Simmons MD, Philip on November 21, 2024 22:23 PST
Encounter info:         SWH0000130817117, IVM Center, ER Temp, 11/21/2024 -

# * Final Report *

**Reason For Exam**
head trauma;Head Injury Unspecified

**SWHC RADIOLOGY**
STUDY:  CT Head or Brain w/o Contrast 11/21/2024 10:16 PM

HISTORY: Injury.

PROCEDURE:  Computed tomographic imaging of the brain was performed without contrast.
Sagittal and coronal reformatted images were generated. CT imaging was performed using
radiation dose reduction techniques. Technical factors were evaluated and adjusted to
ensure appropriate moderation of exposure. Automated dose management technology was
applied to adjust the radiation dose to minimize exposure while achieving a
diagnostic-quality image.

RADIATION DOSE:
CTDI (vol): 47 (mGy)
Total DLP:  841 (mGycm)

FINDINGS:  The brain appears of essentially normal morphology and attenuation, with no
evidence of mass effect or acute hemorrhage. No skull fracture is evident. The visualized
portions of the orbits and paranasal sinuses are unremarkable.

IMPRESSION:
NO EVIDENCE OF ACUTE INTRACRANIAL HEMORRHAGE OR SKULL FRACTURE.

11/21/2024 10:23 PM by Philip Simmons, MD,  on  RSMDRADRW114
Radimetrics Dose Report

**Signature Line**
***** Final *****

Dictated by:                    Simmons MD, Philip                        Dictated DT/TM:

Printed by:     Mcgriff EDRN, Shanna
Printed on:     11/21/2024 23:46 PST

CT Head or Brain w/o Contrast                    INGRAM, BARBARA J - SWH07246217
* Final Report *


```
11/21/2024 10:21 pm
Transcribed By:            PSTranscribed by:          PS
Transcribed DT/TM:   11/21/24 22:21:06
Electronically Signed by:  Simmons MD, Philip                    Signed DT/TM:
11/21/2024 10:23 pm
```

**URLRAD**
```
This document has an image
```


**Completed Action List:**
```
* Order by Suarez PGY1, Gustavo on November 21, 2024 21:40 PST
* Perform by Rosencrans Rad Tech, Derek on November 21, 2024 22:21 PST
* VERIFY by Simmons MD, Philip on November 21, 2024 22:23 PST
* VERIFY by Simmons MD, Philip on November 21, 2024 22:23 PST
```

# Exhibit 5

Bail Bonds info Receipt & contract
—Proof of John Ingram's arrest

5 pages total

# Remedy Bail Bonds

1254 S Waterman Ave
San Bernardino
CA 92408
Phone: 909-890-0395
Email: rguzman@remedybail.com

Invoice #: 151606974
Invoice Date: 12/07/2024

Invoice Amount Paid: $300.00
Invoice Due Date: 12/07/2024
Payment Date: 12/06/2024
Terms: PAYMENT RECEIPT

Bill To:

JOHN INGRAM
15682 Grand Ave, ##1
Lake Elsinore, CA, 92530

Defendant:  JOHN INGRAM
Agent Name: MELANIE
            SALDANA

Phone: 949-326-1066
Email: JOHNINGRAM37@GMAIL.COM

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Bond Installment | 1 | $300.00 | $300.00 |
| Posted Date: 11/22/2024 | | | |
| Case Number: L243260133 | | | |
| Bond Amount: $50,000.00 | | | |
| Premium Amount: $4,000.00 | | | |

Total Balance Owed on Account:  $2,950.00

|  |  |
|---|---|
| Total: | $300.00 |
| Surcharge Amount: | $0.00 |
| Amount Paid: | $300.00 |

**PAID**

Invoice Amount Due:  $0.00

## PAYMENTS

| PAYER / DATE | RECEIVER | METHOD | PAID | SURCHARGE | TOTAL PAID | REFUND | REMAINING |
|---|---|---|---|---|---|---|---|
| JOHN INGRAM 12/05/2024 | FRANK RODRIGUEZ | Other | $300.00 | $0.00 | $300.00 | $0.00 | $0.00 |

Invoices are due and payable upon receipt.                    Defendant:  JOHN INGRAM

# Remedy Bail Bonds

909 - 890-0395 - San Bernardino, CA - CA. INS. LIC.# 1843540

Defendant"s Name: **INGRAM, JOHN JR.**                    Date: **11/22/2024**

Courthouse: SOUTHWEST JUSTICE CENTER
Location: MURRIETA. CA.
Court Date and Time : 01/09/2025 @7:30AM
Court Room: TBD
Case #: L243260133

Courthouse: RIVERSIDE SUPERIOR
Location: RIVERSIDE, CA.
Court Date and Time : 01/16/2025 @ 7:30AM
Court Room: TBD
Case #: 924438JI

Courthouse:_____
Location: _____
Court Date and Time :_____
Court Room:_____
Case #:_____

Courthouse:_____
Location: _____
Court Date and Time :_____
Court Room:_____
Case #:_____

Courthouse:_____
Location: _____
Court Date and Time :_____
Court Room:_____
Case #:_____

I acknowledge that the above said court date and each and every time s/he is ordered to appear in court for the said defendant to appear on time. I also understand that I am responsible for payment of any Court costs for non-appearance should the defendant fail to appear and the Court forfeits the bond(s). The premium if fully earned upon release of defendant. The fact that the defendant may have been improperly arrested, or the bail reduced or the case dismissed, shall not obligate the return of any portion of premium.

_____           _____
Defendant Signature                                                      Indemnitor Signature

_____           _____
Defendant Name                                                           Indemnitor Name

John Ingram                                                                  Signed by:
                                                                                    BARBARA JEAN INGRAM
                                                                                    E037905387E04FF...

_____           _____
Indemnitor Signature                                                    Indemnitor Signature
                                                                                    BARBARA JEAN INGRAM

_____           _____
Indemnitor Name                                                         Indemnitor Name

| Surety:<br><br>**United States Fire Insurance Company**<br>157 Main Street, Greenville. PA 16125<br>P.O. Box 806, Greenville. PA 16125<br>(800) 245-0366 / FAX (725) 588-8801<br>Email: CourtNotices@cfins.com | BAIL PRODUCER: [stamp must include name. address. phone no. and license no.]<br><br>**Remedy Bail Bonds**<br>P.O. Box: 11329<br>San Bernardino, CA 92423<br>(909) 890-0395<br>CA. INS. LIC.# 1843540 |
|---|---|

### DEFENDANT BAIL BOND APPLICATION AND AGREEMENT

You, the undersigned Defendant ("Defendant" or "you"), hereby represent and warrant that the following declarations made and answers given are true, complete and correct and are made for the purpose of inducing **United States Fire Insurance Company** ("Surety") to issue, or cause to be issued, a bail bond or undertaking for you, using power of attorney number(s) (if known) _2 BONDS_ , in the total amount of _FIFTY THOUSAND TWO HUNDED SEVEN_ Dollars ($ _50,272_ ) in the _SUPERIOR_ Court of _2 COURTS_ ("Bond").

**DEFENDANT'S NAME AND ADDRESS**

1. Name _JOHN INGRAM JR._    Nickname/Alias _JJ_
   First    Middle    Last
2. Home Phone # _NONE_    Cell Phone # _949-326-1066_    Work Phone # ___
3. Email _JOHNINGRAM37@GMAIL.COM_    Social Media Accounts _FACEBOOK_
4. Current Home Address _15682 GRAND AVE. SP#1, LAKE ELSINORE, CA. 92530_
5. How Long? _1 YR._    Rent or Own? _RENT_    Landlord ___
6. Former Home Address _15134 GRAND AVE. #3, LAKE ELSINORE, CA. 92530_
7. How Long? _4 YRS._    Rent or Own? _RENT_    Landlord _N/A_
8. How long resided in current city? _17 YRS._    How long in current state? _LIFE_    How Long in U.S.? _LIFE_

**PERSONAL DESCRIPTION**

9. Date of Birth _03/22/1976_    Where Born (City & State) _LING BEACH, CA._    Sex _M_    Race _AFRICAN AMERIC/_
10. Social Security # _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_    Driver's License # _B7645876_    Issuing State _CA_
11. Passport Issuing Country(s) _NONE_    Passport ID (s) _N/A_
12. Height _6'3"_    Weight _160_    Eye Color _BROWN_    Hair Color _BLACK_
13. Scars, Marks, Tattoos _TATTOOS- BOTH ARMS_
14. U.S. Citizen? ● Yes ○ No    Nationality _N/A_    Alien # _N/A_
15. Any Medical Conditions/Disabilities _ASHTMA_
16. Union? _NONE_    Local # _N/A_    Military Service: Branch _NONE_    Active? _N/A_    Discharge Date _N/A_

**EMPLOYMENT**

17. All Occupations for the past 5 years: ___
18. Current Employer _WAYFAIR- 3300 INDINA AVE., PERRIS, CA._
19. Name ___    How Long? _5 YRS._    Position _SUPERVISOR_
20. Supervisor's Name _SELF_    Phone # _N/A_
21. Most Recent Former Employer: _R&R TRUCKING- CANYON LAKE, CA._
22. Name ___    How Long? _7 YRS._    Position _DRIVER_
23. Supervisor's Name _RONALD COX_    Phone # _N/A_
24. Supervisor's Name _N/A_    Phone # _N/A_

**MARITAL STATUS/CHILDREN:** ● Married ○ Divorced ○ Separated ○ Widowed ○ Single ○ Cohab

25. Spouse/girl/boyfriend's Name _BARBARA JEAN INGRAM_    How Long Married/together? _20 YRS._
    First    Middle    Last
26. Address (if different) _SAME AS DEF._    Email _N/A_
27. Home Phone # (if different) _N/A_    Cell Phone # _949-350-8628_    Social Security # _N/A_
28. Occupation _N/A_    Employer _N/A_    How Long? _N/A_
29. Supervisor's Name _N/A_    Work Phone # _N/A_

30.
| Child's Name | Date of Birth | School/Employer | Other Parent's Name |
|---|---|---|---|
| 2) RYAN INGRAM | 16 YRS. | KEITH MCARTHY | BARBARA INGRAM |
| REGAN INGRAM | 16 YRS. | LAKESIDE HS | BARBARA INGRAM |

**VEHICLE**

31. Describe Auto: Year 2010       Make CHEVROLET       Model IMPALA       Color SILBER   Plate # _____   State CA
32. Where Financed? N/A                                                    Amount Owed? N/A
33. Insurance Agent's Name: N/A                                            Insurance Agent's Phone # N/A

**ARREST INFORMATION**

34. Date of Arrest 11/21/2024       Booking Name (if different) SAME       Arresting Agency LAKE ELSINORE PD
35. Jail Location SOUTHWEST DETENTION CENTER                               Booking # 202451590
36. Charges PC 273.5(A), CO 10.12.010, PC 853.7
37. Previous Arrests:       Charges:                  Date:                  Where:
              GTA                         1996                   LOS ANGELS, CA.

38. Pending Charges in Other Counties NONE
39. Are you on parole/probation?   ○ Yes ◉ No     Parole/probation officer name and phone # _____
40. Are you now under any bond?    ○ Yes ◉ No     Have you ever failed to appear in court?   ○ Yes ◉ No
41. Bonded before by NONE                                                  When? N/A

**ATTORNEY**

42. Name and Firm NONE                                                     Phone # N/A
43. Email N/A                                                              Amount of retainer paid $ N/A

**RELATIVES AND FRIENDS**

44. Father/Guardian's Name JOHN INGRAM SR.       Address DECEASED          Home Phone # N/A
45. Cell Phone # N/A                  Work Phone # N/A          Employer N/A
46. Email N/A
47. Mother/Guardian's Name PATRICIA INGRAM       Address N/A               Home Phone # N/A
48. Cell Phone # N/A                  Work Phone # N/A          Employer N/A
49. Email N/A
50. Other Relative/Friend's Name JOHNATHAN INGRAM       Relation BRITHER
51. Address RIVERSIDE, CA.                                     Home Phone # N/A
52. Cell Phone # 951-427-7645         Work Phone # N/A          Employer N/A
53. Other Relative/Friend's Name NO SISTERS       Relation _____
54. Address N/A                                               Home Phone # N/A
55. Cell Phone # N/A                  Work Phone # N/A          Employer N/A
56. Other Relative/Friend's Name N/A       Relation N/A
57. Address N/A                                              Home Phone # N/A
58. Cell Phone # N/A                  Work Phone # N/A          Employer N/A

**TERMS AND CONDITIONS**

In consideration of Surety, through its producers, representatives or designees, issuing or causing to be issued the Bond, you
Agree to the following terms and conditions:

1. The premium is fully earned upon your release from custody. Premiums are not refundable except as stated below.
2. Surety, as bail, shall have control and jurisdiction over you during the term for which the Bond is in effect and shall have the right to apprehend, arrest and surrender you to the proper officials at any time as provided by law. In the event your surrender is made prior to your failure to appear in court, and for reason other than as stated in paragraph 3, then you may be entitled to a refund of the bond premium if required by applicable law (if any) as stated in an attached addendum.
3. Unless otherwise provided by applicable law (if any) as stated in an attached addendum, the following events shall constitute a breach of your obligations to the Surety, and the Surety shall have the right to immediately apprehend, arrest and surrender you, and you shall have no right to any refund of premium whatsoever: (a) you depart the jurisdiction of the court without the prior written consent of the court and the Surety; (b) you move from your current address without prior written consent of the Surety or you fail to notify Surety of any material information; (c) you commit any act that constitutes reasonable evidence of your intention to cause a forfeiture of the Bond; (d) you are arrested and incarcerated for any other offense (other than a minor traffic violation); (e) you make any materially false statement in this application; (f) any indemnitor for you makes any materially false statement in the Indemnitor Application and Agreement; (g) your bail is increased; (h) any indemnitor requests that you be surrendered; (i) there is a material increase in the risk assumed by the Surety (as

determined by the Surety in its sole and absolute discretion) including, by way of example but not limitation, any collateral or security given for the Bond depreciates in value or becomes impaired.

4.  You shall indemnify the Surety and keep the Surety indemnified and hold it harmless from and against any and all losses, demands, liabilities, fees and expenses relating to, or arising out of, Surety's issuance or procurement of the Bond including, but not limited to, the following: (a) the principal amount of any forfeiture of, or judgment on, the Bond, plus any related court costs, interest and legal fees incurred, (b) a fugitive recovery fee if there is a forfeiture of the Bond (which fee is typically ten percent of the amount of the Bond for an in-state recovery), plus any out of pocket expenses, (c) any and all extradition costs that may be incurred to apprehend and return you, and (d) if a collection action is required, reasonable and actual attorneys' fees plus any other costs, expenses and/or assessments that may be incurred as a result of any forfeiture of the Bond subject to applicable law (if any) as stated in an attached addendum. The voucher, check or other evidence of any payment made by Surety or its producer, by reason of such suretyship, shall be conclusive evidence of such payment in any lawsuit against you both as to the propriety of such payment and as to the extent of your liability to Surety for such payment. Further, you will, upon demand, place with Surety the requisite funds to meet any such claim, demand, liability, attorneys' fees, expense or judgment, whether that demand is made before or after Surety has paid or advanced such funds.

5.  To the maximum extent permitted by applicable law, you hereby waive any and all rights you may have under federal law (including, but not limited to, Title 28 Privacy Act, Freedom of Information Act, Title 6, Fair Credit Reporting Act) and any local or state law relating to Surety's obtaining, and you consent to and authorize Surety to obtain, any and all private or public information and/or records concerning you from any party or agency, private or governmental (local, state, federal), including, but not limited to, credit reports, Social Security Records, criminal records, civil records, driving records, tax records, telephone records, medical records, school records, worker compensation records, and employment records. You further authorize, without reservation, any party or agency, private or governmental (local, state, federal), contacted by Surety to furnish in accordance with applicable law any and all private and public information and records in their possession concerning you to the Surety and direct that a copy of this document shall serve as evidence of said authorization. You irrevocably grant to Surety and its designees the right to enter your residence, or any other property that you own or occupy, without notice, at any time, for the purpose of locating, arresting, and returning you to custody, and subject to applicable law, you waive any and all causes of action in connection therewith including, without limitation, torts of trespass and false imprisonment.

6.  You agree that Surety may attach a location tracking device on any vehicle owned or driven by you, at any time, without notice, and monitor the location of the vehicle through any available technology. You further agree that Surety may use location technologies to locate your wireless device at any time during the period of your bail and any applicable remission period, and the Bond is conditioned upon your full compliance with the following terms and conditions: (i) Surety, at its discretion, will use network-based location technologies to find you; (ii) this is the only notice you will receive for the collection of your location information; (iii) Surety will retain location data only while the Bond is in force and during any applicable remission period; (iv) Surety will disclose location information only to the courts as required by court order; (v) Surety and its licensed producers, designees and representatives will be the only persons with access to your location information; (vi) YOU WILL NOT HAVE THE OPTION TO OPT OUT OF LOCATION USE DURING THE BAIL PERIOD; and (vii) all questions relating to location capability should be directed to Surety.

7.  If you leave the State, subject to applicable law, you waive any right to extradition proceedings and consent to the application of such force as may be necessary to return you to Surety and the court where the Bond was posted.

8.  You hereby acknowledge and agree that neither the Surety nor any of its agents, producers, designees or representatives has recommended or suggested any specific attorney or firm of attorneys to represent you in any capacity.

9.  In the event any provision herein shall be deemed to exceed any applicable state or federal law, then such provision shall automatically be deemed to have been revised to comply with such law so as to provide Surety with the maximum protection from any loss or liability. The invalidity or unenforceability of any provision herein (or portion thereof) shall in no way affect the validity or enforceability of any other provision (or portion thereof). Surety may assign any of its rights herein or arising out of any of the transactions contemplated hereby to any party including, without limitation, any of the Surety's agents, producers, designees or representatives ("Assignee") without notice to or consent from you. Subject to any limitations imposed upon Assignee by Surety, Assignee shall have the right to enforce in any action or proceeding any of Surety's rights herein or arising out of any of the transactions contemplated hereby, and you shall not, and expressly waives any right to, assert the claim or defense that Assignee does not have the right to enforce such rights in any such action or proceeding.

10. Other Bond Conditions, not included above: _____

_____

_____

_____

_____


Signed, sealed and delivered this _____ 24TH _____ day of __NOVEMBER_____, 20 _24_

Signature of Defendant: _Johningram_____

Print Name: _John Ingram_____

# Exhibit 6

*Bail Proof*

# POWER OF ATTORNEY

**UNITED STATES FIRE INSURANCE COMPANY**
157 Main Street, Greenville, PA 16125
P.O. Box 806, Greenville, PA 16125
(800) 245-0368 | FAX (724) 588-8801
Email: CourtNotices@cfins.com

**POWER NO.**    \*\*\*U50-21854607\*\*\*

**POWER AMOUNT $**    \*\*\*50,000.00\*\*\*

This Power of Attorney is granted pursuant to Article IV of the By-Laws of UNITED STATES FIRE INSURANCE COMPANY as now in full force and effect. Article IV, Execution of Instruments. Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, Vice President, Assistant Vice President, Secretary or any Assistant Secretary shall have power on behalf of the Corporation: (a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business, including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements; (b) to appoint in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a) including affixing the seal of the Corporation. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendants future lawful conduct, adherence to travel limitations, fines, restitution, payments or penalties of any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Bonds or Immigration Bonds. This power void if altered or erased, void if used with other powers of this Company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

**The obligation of the Company shall not exceed the sum of** \*\*\*Fifty Thousand Dollars and Zero Cents\*\*\*
and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, UNITED STATES FIRE INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this _____ of _____

DAY          MONTH          YEAR

Bond Amount $ _____     Gross Premium $_____

Defendant _____

Charges _____

Court _____

Case No. _____

City _____ State _____

If rewrite, original No. _____

Executing agent _____
NAME

**BOND PREMIUM IS NON-REFUNDABLE**

Premium Charged $ _____

Total Charged $ _____

Total Received $ _____

Amount Due $ _____

**VOID IF NOT ISSUED BY:**    05/31/2025

Payer Signature _____

S-0075US   USFIC Bail Bond   REV. (07/22)

INDEMNITOR COPY

---

# POWER OF ATTORNEY

**UNITED STATES FIRE INSURANCE COMPANY**
157 Main Street, Greenville, PA 16125
P.O. Box 806, Greenville, PA 16125
(800) 245-0368 | FAX (724) 588-8801
Email: CourtNotices@cfins.com

**POWER NO.**    \*\*\*U10-21854568\*\*\*

**POWER AMOUNT $**    \*\*\*10,000.00\*\*\*

This Power of Attorney is granted pursuant to Article IV of the By-Laws of UNITED STATES FIRE INSURANCE COMPANY as now in full force and effect. Article IV, Execution of Instruments. Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, Vice President, Assistant Vice President, Secretary or any Assistant Secretary shall have power on behalf of the Corporation: (a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business, including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements; (b) to appoint in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a) including affixing the seal of the Corporation. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendants future lawful conduct, adherence to travel limitations, fines, restitution, payments or penalties of any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Bonds or Immigration Bonds. This power void if altered or erased, void if used with other powers of this Company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

**The obligation of the Company shall not exceed the sum of** \*\*\*Ten Thousand Dollars and Zero Cents\*\*\*
and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, UNITED STATES FIRE INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this _____ of _____

DAY          MONTH          YEAR

Bond Amount $ _____     Gross Premium $_____

Defendant _____

Charges _____

Court _____

Case No. _____

City _____ State _____

If rewrite, original No. _____

Executing agent _____
NAME

**BOND PREMIUM IS NON-REFUNDABLE**

Premium Charged $ _____

Total Charged $ _____

Total Received $ _____

Amount Due $ _____

**VOID IF NOT ISSUED BY:**    05/31/2025

Payer Signature _____

S-0075US   USFIC Bail Bond   REV. (07/22)

INDEMNITOR COPY